JENNIE MAYO ET AL. v. JOHN G. BRAGAW, SR., ET AL.

(Filed 17 March, 1926.)

**Cemeteries—Burial—Church—Removal of Dead Bodies—Statutes.**

> The building of a new vestry room of a church to be used with the one as presently located in relation to the use of the choir, etc., comes within the purview of the statute permitting the removal of the bodies buried in the churchyard by the proper authorities of the church, when necessary or expedient to do so, in carrying out the arrangement. C. S., 5030.

APPEAL by plaintiffs from *Grady, J.,* at February Term, 1926, of BEAUFORT.

The proceeding is to determine the right of the defendants, vestry of St. Peter's Parish, Washington, N. C., to remove certain graves from the churchyard of said parish.

From a judgment in favor of defendants, the plaintiffs appeal.

*H. C. Carter for plaintiffs.*
*Ward & Grimes for defendants.*

STACY, C. J. The parties to the present proceeding, having a question in difference which might properly become the subject of a civil action, have submitted the same for determination without action, upon an agreed statement of facts, as authorized by C. S., 626.

The question to be determined is the right of the defendants, vestry of St. Peter's Parish, Washington, N. C., to remove certain graves in the churchyard of said parish, including the body or grave of Martin

MAYO *v.* BRAGAW.

Maddox Mayo, so as to permit an enlargement of the church building, as proposed by the defendants.

Martin Maddox Mayo died in infancy, sometime prior to 1890, and was buried in St. Peter's churchyard within the bounds of the proposed enlargement of the church building, and it is necessary to remove said body or grave in order to carry out the present plans of the defendants. The plaintiffs, mother and brother of the deceased, object to a removal of the body or grave in question and contend that the contemplated purposes of the defendants do not constitute an enlargement of the church building within the meaning of C. S., 5030.

As bearing on this point, it is stipulated in the second paragraph of the agreed statement of facts that "the defendants desire to enlarge said church building, and said enlargement will consist primarily of the following: The present vestry room of the church will be transformed into a lobby and there will be a door leading from said lobby through a cloister to a new vestry room, and thence to the Sunday school rooms, and on the far side of the Sunday school rooms will be a chapel for holding divine services on special occasions and where a small congregation is expected to be present, and it is contemplated that the choir will assemble in the choir room and proceed from the choir room through the new vestry room and cloister into the lobby and into the church proper; but the auditorium of the present church building will not be enlarged, nor will the seating capacity of said church building be increased."

We think the proposed action of the defendants comes within the purview of C. S., 5030, which is as follows:

"In those cases where any church authorities desire to enlarge a church building and where it becomes necessary or expedient to remove certain graves in order to secure the necessary room for such enlargement, it shall be lawful for such church authorities after thirty days notice to the relatives of deceased, if any are known, and if none are known, then after notice posted at the church door for a like time, to remove such graves to a suitable plat in the church cemetery or in another cemetery, due care being taken to protect tombstones and replace them properly, so as to leave the graves in as good condition as before removal."

It is conceded that all the provisions of the law have been complied with, the only question in difference between the parties being as to whether the contemplated improvements constitute an enlargement of said church building, within the meaning of the statute, and we think they do. This was the holding of the trial court.

Affirmed.