BERTHA MITCHELL SINGLETARY, JULIUS THURMAN SINGLETARY, INDI-
VIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED v. FRANK McCOR-
MICK, C. E. INMAN, LLOYD PATE, ELBERT FORD, BOBBY MELTON,
R. F. FLOYD, A. D. LEWIS, ECIL GRIFFIN, CHARLES TEDDER, PAT
PITTMAN, PAUL THOMPSON, JR., ARGUS GRIMSLEY, LENWOOD
RICH, JOHN F. FLOYD AND HAROLD HERRING, DEACONS OF THE FIRST
BAPTIST CHURCH OF FAIRMONT, NORTH CAROLINA; ROBERT F. FLOYD, C. V.
FLOYD AND A. D. LEWIS, TRUSTEES OF THE FIRST BAPTIST CHURCH OF FAIR-
MONT, NORTH CAROLINA; NORTH CAROLINA DEPARTMENT OF
TRANSPORTATION AND THE TOWN OF FAIRMONT

No. 7716SC640

(Filed 6 June 1978)

Cemeteries § 2— relocation of graves—means to enlarge church facilities

The phrase "in order to" found in G.S. 65-13(a)(2) which authorizes grave
removal "in order to erect a new church" or "in order to expand or enlarge an
existing church facility" should be construed as synonymous with the phrase
"as the means to"; therefore, though graves proposed to be relocated by de-
fendants are within the area of a relocated street and not within the actual
area of the proposed church facility, nevertheless, the street is to be relocated
"as the means to" expand or enlarge an existing church facility, and the reloca-
tion of the graves is thus permissible under the statute.

APPEAL by plaintiffs from *Preston, Judge*. Order entered 2
June 1977, in Superior Court, ROBESON County. Heard in the
Court of Appeals 27 April 1978.

Named plaintiffs bring this class action to enjoin permanent-
ly the trustees and deacons of Fairmont Baptist Church from
relocating approximately 45 graves in the existing church
cemetery and relocating Church Street away from the church
building· so that the land area consisting now of the existing
street and a part of the cemetery can be used to construct a new
sanctuary, church parlor and other facilities in a new building.
The "relocated" Church Street would be within the confines of
the existing cemetery. Plaintiffs joined the North Carolina
Department of Transportation and the Town of Fairmont as
defendants.

Defendant-deacons and -trustees in their answer allege that
many of the next of kin and descendants of those interred within
the cemetery and proposed to be relocated have given their con-
sent to the relocation. Said defendants admit the adoption of a
resolution authorizing proceedings for removal of the graves

under G.S. 65-13, and pray for declaratory judgment determining that "defendants have the right to relocate the graves referred to in this answer for the purposes herein expressed, free from further hindrance or claim on the part of any person."

The parties agreed to the class action, listing the names of the decedents and their known next of kin, and further stipulated that:

"21. The Church does not intend to erect its proposed new Sanctuary upon the area known as the 'proposed route of Church Street', on Exhibit 1; it is not probable that any portion of the proposed new Sanctuary building would be located at a point South of the southern margin of Church Street as it now exists; the actual plans for the erection of the proposed new Sanctuary are not completed, but the Church expects to use some substantial portion of the presently existing Church Street right of way as a site for a portion of said proposed new building, and the Church expects to secure title to the land area in Church Street as it now exists from the North Carolina Department of Transportation in exchange for the easement of the proposed new route of said Street.

22. The Church plans to remove all of the graves located within the right of way of the 'Proposed Route of Church Street' as shown on Exhibit 2, and also all those located Northeast thereof and West of Main Street and South of Church Street; the land area then remaining North of Church Street as relocated would be used as a part of Church grounds surrounding the proposed new sanctuary building, with some part being used as a parking area for the Church Administrative Offices."

It was also stipulated that there were no disputed facts in the case and that procedural due process was not at issue.

The cause was heard by the trial court without a jury upon the facts stipulated of record and as stated to the court during argument. The court found numerous facts, in particular:

"16. That if Church Street can be relocated, the Church intends to build its new sanctuary, administrative offices, a media center (library), a church parlor, a senior adult area, and other facilities in a new building which would occupy a

substantial portion of the presently existing Church Street right-of-way, *although none of said building would occupy the area of the intended graves removal, such area being used for the relocation of the existing street.*

17. That the removal of graves contemplated by the defendants is to be conducted by the Church authorities of the First Baptist Church of Fairmont *in order to erect a new church building and other facilities owned and operated exclusively by said church, and in order to expand and enlarge the church's existing facilities."* [Emphasis added.]

The court concluded that the defendant-trustees' and -deacons' relocation of graves:

". . . is for the purpose of erecting a new church and other facilities owned and operated exclusively by said church, and in order to expand and enlarge existing church facilities, within the meaning of Section 65-13(a) of the General Statutes of North Carolina, . . ."

The court ordered plaintiffs' action dismissed. From this order, plaintiffs appeal.

*McLean, Stacy, Henry & McLean by Everett L. Henry for plaintiff appellants.*

*I. Murchison Biggs for defendant appellees.*

CLARK, Judge.

The determination of the issue on appeal requires an interpretation of G.S. 65-13(a)(2), which authorizes grave removal

". . . *in order to* erect a new church, parish house, parsonage, or any other facility owned and operated exclusively by such church; *in order to* expand or enlarge an existing church facility; . . ." [Emphasis added.]

The plaintiffs take the position that the statute must be strictly construed in light of the policy of the law that the sanctity of the grave should be maintained. See *Mills v. Cemetery Park Corp.*, 242 N.C. 20, 86 S.E. 2d 893 (1955). They argue that most of the graves which defendants proposed to relocate are within the area of relocated Church Street, and that under G.S. 65-13(a)(2) a

church authority is not empowered to remove graves in order to relocate a street.

We construe the phrase "in order to" in G.S. 65-13(a)(2) to be synonymous with the phrase "as the means to." Webster's Third New International Dictionary (1968). Though the graves proposed to be relocated are within the area of relocated Church Street, the street is to be relocated "as the means to" expand or enlarge an existing church facility. This interpretation of the statute we find to be consistent with legislative intent of empowering a church authority to make changes to meet the present and future needs of the church membership.

The plans for expansion of the present church facility by the defendants appear to have been made after a thorough study with thoughtful consideration to disturbing existing graves by relocation only to the extent necessary to meet the needs of the church.

This construction of G.S. 65-13(a)(2) we find to be consistent with the ruling in *Mayo v. Bragaw*, 191 N.C. 427, 132 S.E. 1 (1926), which involved a construction of the former statute (C.S. 5030) relating to grave removal. That statute empowered a church to remove graves when it became necessary or expedient "in order to" secure necessary room to enlarge a church building. It was held that the church could remove a grave to build a new vestry room. The present statute is much broader than old C.S. 5030, and reflects a recognition of the need for broad authority by church authority to meet the needs of a growing membership in relocating graves which would restrict that growth.

Affirmed.

Judges ARNOLD and ERWIN concur.